UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIER KEAND'E GARDNER,

               Plaintiff,

    v.

WHATCOM COUNTY, et al.,

               Defendants.

Case No. C19-1451-MJP-MLP

ORDER RE: PLAINTIFF'S MOTION
FOR SUBPOENA DUCES TECUM

      This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently pending before the Court is Plaintiff's motion and declaration for issuance of subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45 and for service by the United States Marshal ("Plaintiff's Motion"). (Dkt. # 32.)

      Plaintiff requests that the Court issue an order directing the Clerk of Court to issue three blank subpoena duces tecum forms so that Plaintiff may direct them to the Bellingham Herald, the Washington State Department of Health, and to Defendants. (*Id.* at 4-6.) Through the subpoenas, Plaintiff specifically seeks: (1) an alleged newspaper article from the Bellingham Herald wherein Defendants Bill Elfo and Wendy Jones state that the Whatcom County Jail is "a condemned building, a fire and safety hazard, and not fit to house humans in"; (2) a

condemnation sticker that's allegedly been placed on the Whatcom County Jail by the Washington State Department of Health; (3) any papers concerning the condemnation of the Whatcom County Jail from those entities; and (4) an offender kite, previously written by Plaintiff, regarding his water being turned off in his cell. (*Id.* at 10.) Plaintiff additionally requests that the Court order the United States Marshal to serve the requested subpoenas and that an extension on the discovery deadline be granted to do so. (*Id.* at 1, n.1.) The discovery deadline in this matter concluded on March 10, 2020. (Dkt. # 21 at 1.)

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(D), a subpoena may direct a non-party to an action to produce documents for inspection. However, a party's reliance on a subpoena duces tecum is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) and by the court's duty under Federal Rule of Civil Procedure 45(d)(1) to ensure that a subpoena does not impose "undue burden or expense on a person subject to the subpoena." A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third-party. *See, e.g.*, *Davis v. Ramen*, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010). Federal Rule of Civil Procedure 45(a)(3) requires that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it.

A plaintiff proceeding *in forma pauperis* is generally entitled to obtain service of a subpoena duces tecum by the United States Marshal. 28 U.S.C. § 1915(d). Because Federal Rule of Civil Procedure 45(b) requires personal service of a subpoena, "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); *see* 28 U.S.C. § 1915(d). Accordingly, the issuance of a subpoena pursuant to 28 U.S.C. § 1915(d) "is subject to

ORDER RE: PLAINTIFF'S MOTION
FOR SUBPOENA DUCES TECUM - 2

limitations." *Casterlow-Bey v. Trafford Publ'g. Co.*, 2017 WL 11358483, at *2 (W.D. Wash. Oct. 30, 2017) (quoting *Heilman v. Lyons*, 2010 WL 5168871, at *1 (E.D. Cal. Dec. 13, 2010)).

Here, as leave of court is not required for plaintiff to obtain a subpoena pursuant to Federal Rule of Civil Procedure 45(a)(3), that portion of plaintiff's motion is stricken as unnecessary. The clerk will issue the requested subpoenas, though the subpoenas will be issued in blank and it will be plaintiff's responsibility to complete the subpoenas.[1] While a litigant may obtain a subpoena without first making a showing of necessity or relevance, here Plaintiff additionally asks the Court to incur the expense of serving the subpoenas. Therefore, it is appropriate for the Court to evaluate the need for the information Plaintiff seeks to obtain by way of the subpoenas. *See* Fed. R. Civ. P. 26; Fed. R. Civ. P. 45.

The Court notes that Defendants were recently granted an extension to the dispositive motions deadline by this Court's Order to May 8, 2020 and that a dispositive motion is likely forthcoming. (*See* Dkt. # 28; Dkt. # 31 at 2.) The information sought by Plaintiff through the requested subpoenas is likely relevant to the issues to be raised by Defendants in a pending dispositive motion because Plaintiff's requests tie directly to his claim regarding the alleged condemnation of the Whatcom County Jail. However, the discovery deadline on this matter concluded on March 10, 2020, and no extension was sought by Plaintiff prior to its expiration. (*See* Dkt. # 21 at 1.) Accordingly, the Court declines to order the United States Marshal to serve plaintiff's subpoenas.

---

[1] Plaintiff requested three blank subpoena forms in his Motion, but only identified two non-parties to the action for his requests: (1) the Bellingham Herald; and (2) the Washington State Department of Health. Plaintiff's third request pertains specifically to an offender kite Plaintiff submitted to Defendants while incarcerated at the Whatcom County Jail. Rule 45 is not the proper discovery tool to obtain information from a party. Plaintiff should have requested the offender kite as one of his discovery requests propounded to Defendants.

ORDER RE: PLAINTIFF'S MOTION
FOR SUBPOENA DUCES TECUM - 3

The Court, having reviewed Plaintiff's Motion, and the balance of the record, hereby ORDERS:

(1) Plaintiff's motion for issuance of subpoena duces tecum (dkt. # 32) is STRICKEN and Plaintiff's motion for an order directing service of the requested subpoena (dkt. # 32) is DENIED.

(2) Plaintiff's request for an extension of the discovery deadline (dkt. #32) is DENIED.

(3) The Clerk is directed to issue three subpoenas, in blank, and send them to plaintiff at his address of record. The Clerk is directed to send copies of this order to the parties and to the Honorable Marsha J. Pechman.

Dated this 8th day of May, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge