|     |     |
| --- | --- |
| 1   |     |
| 2   |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| KIER KEAND'E GARDNER, | CASE NO. C19-1451 MJP |
| --- | --- |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| WHATCOM COUNTY, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiff Kier Keand'e Gardner's Objections (Dkt. No. 44) to the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 43). Having reviewed the Report and Recommendation, the Objections, and all related papers, the Court ADOPTS the Report and Recommendation and DISMISSES this matter without prejudice.

The relevant facts and procedural background are set forth in detail in the Report and Recommendation. (Dkt. No. 11.) Finding that Plaintiff has not exhausted his administrative remedies as required under the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a),

1   Magistrate Judge Peterson recommended that the Court dismiss Plaintiff's amended complaint

2   without prejudice. (Dkt. No. 43 at 17.) Specifically, Judge Peterson found that although

3   Plaintiff had submitted Inmate Request Forms ("kites") about several—but not all—of his

4   claims, he did not utilize the next steps in the administrative review process for any of the

5   incidents that form the bases for his claims. (Dkt. No. 43 at 8-10, 14-17.) The review process

6   requires an inmate to seek review from officials with increasing levels of authority if the issue is

7   not resolved; the process culminates with the chief corrections deputy reviewing the record and

8   issuing a finding. (Dkt. No. 43 at 16.) The Report and Recommendation indicated that there

9   was no evidence Plaintiff had taken steps beyond filing an initial kite for some of his claims.

10  (Id.) Judge Peterson also recommended denying as moot Plaintiff's "Motion for Judicial

11  Notice," which requests the Court take judicial notice of various facts and arguments including

12  that Plaintiff's legal name is "Kier Keand'e" not "Kier Keand'e Gardner" and that Whatcom

13  County is withholding evidence from the record. (Id. at 3.) Plaintiff now objects to the

14  characterization or omission of various facts from the Report and Recommendation. (Dkt. No.

15  44.)

16         Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the

17  Magistrate Judge's Report and Recommendation that has been properly objected to and may

18  accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); see also 28

19  U.S.C. § 636(b)(1). Plaintiff objects to the Report and Recommendation's characterization of his

20  motion for judicial notice as requesting the court take notice of various information asserted in

21  his claims rather than information asserted in pertinent documents. (Id. at 2.) Plaintiff further

22  objects that the Report and Recommendation does not include the amount of time he spent in the

23  Intensive Management Unit and misstates Plaintiff's allegations about prison officials' use of his

24

name. (Id. at 2, 5.) The Court finds that these objections do not affect the analysis or central conclusion of the Report and Recommendation that Plaintiff's amended complaint should be dismissed because he failed to exhaust his administrative remedies.

But Plaintiff also objects that the Report and Recommendation does not describe his numerous attempts "to grieve the treatment he received from WCJ staff" and their failure to collect his grievances or allow him to submit grievances on certain topics in the first place. (Id. at 4.) To the contrary, the Report and Recommendation addressed these allegations, but found that Plaintiff "failed to demonstrate an impediment existed making WCJ's available administrative remedies for grievances effectively unavailable to him." (Dkt. No. 43 at 16.) Specifically, the Report and Recommendation concluded that Plaintiff's allegations about the unavailability of the grievance procedures are "vague and conclusory—they lack any detail regarding specific instances of interference undertaken by an identifiable WCJ official or WCJ floor officer concerning the claims addressed in his amended complaint." (Id. at 16.) The Court agrees, finding that Plaintiff's general allegations of being denied grievance forms "fail to sufficiently demonstrate that the WCJ grievance process was effectively unavailable to him" and are therefore insufficient to establish a genuine issue of material fact. (Id. at 16.) The Report and Recommendation is therefore ADOPTED and Plaintiff's claims are DISMISSED without prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated August 19, 2020.

Marsha J. Pechman
United States Senior District Judge