1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10   KIER KEAND'E GARDNER,                        CASE NO. C19-1451 MJP

11                    Plaintiff,                  ORDER DENYING MOTION FOR
                                                  SANCTIONS
12          v.

13   WHATCOM COUNTY, et al.,

14                    Defendants.

15

16          This matter comes before the Court on Plaintiff Kier Keand'e Gardner's motion for

17   sanctions.  (Dkt. No. 45.)  Having considered the motion and all related documents, the Court

18   DENIES the motion.

19          Plaintiff contends that Defendants' arguments in their motion for summary judgment

20   mischaracterize his allegations, moving for sanctions under Rule 11 of the Federal Rules of Civil

21   Procedure.[1]  (Dkt. No. 45.)  The Court may impose sanctions under Rule 11 for claims that are

22

23   _____

24   [1] The relevant facts and procedural background are set forth at length in the Report and Recommendation and the
     Court will not repeat them here.  (Dkt. No. 43.)

1    brought for an improper purpose, are not warranted by existing law or contain frivolous

2    arguments for extending, modifying, reversing, or establishing new law; or when factual

3    contentions lack evidentiary support.  Fed.R.Civ.P. 11(b).

4          In this case, Plaintiff fails to establish that Defendants' counsel submitted a claim or other

5    filing that was presented for an improper purpose, was unsupported by law, or included factual

6    contentions without evidentiary support.  Instead, Plaintiff lists several of Defendants' arguments

7    he misunderstands or disagrees with.  For example, Plaintiff contends that Defendants

8    erroneously claimed that "Plaintiff himself has acknowledged that he suffered no actual injury,"

9    citing Plaintiff's statement that he was "'in no way alleging herein this Complaint that such

10   denial affected my criminal proceedings.'"  (Dkt. No. 45 at 4 (citing Dkt. No. 34 at 2-3).)  But

11   Defendants are arguing that Plaintiff suffered no injury because denial of his access to the law

12   library did not affect his criminal case.  While Defendants' argument may ignore Plaintiff's other

13   statements listing various harms he suffered, cherry-picking Plaintiff's assertions in furtherance

14   of their argument is not sanctionable.

15         Plaintiff also takes issue with Defendants' assertion that Plaintiff was not charged for

16   making copies when Defendants' "own documents show that Plaintiff was charged for all

17   requested legal materials."  (Dkt. No. 45 at 5.)  But Defendants assert that Plaintiff was not

18   charged for all requested legal materials related to his criminal case, arguing that many of

19   Plaintiff's copying fees were for documents unrelated to any of his legal filings and submitting

20   evidence that Plaintiff was copying documents related to the Uniform Commercial Code.  (Dkt.

21   No. 34 at 3; Dkt. No. 35, Ex. B.)  Again, even if Plaintiff finds these arguments objectionable,

22   they do not rise to sanctionable conduct.

23

24

1      Because Plaintiff has failed to demonstrate sanctionable conduct under Rule 11, the

2  motion for sanctions is DENIED.

3

4      The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

5  Dated August 19, 2020.

6

7  

Marsha J. Pechman
8                                              United States Senior District Judge