UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIER KEAND'E GARDNER, | CASE NO. C19-1451 MJP |
| Plaintiff, | ORDER DENYING MOTION TO AMEND JUDGMENT |
| v. | |
| WHATCOM COUNTY, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on Defendant's Motion to Alter or Amend the Judgment. (Dkt. No. 52.) Having considered the Motion and all related papers, the Court DENIES the Motion.

District courts may reconsider grants of summary judgment under either Fed. R. Civ. P. 59(e) (motion to alter or amend a judgment) or Fed. R. Civ. P. 60(b) (relief from judgment). See, e.g., Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

an intervening change in controlling law." Id. at 1263. "There may also be other, highly unusual, circumstances warranting reconsideration." Id.

Plaintiff argues the Court committed clear error and the decision to dismiss his claims upon adoption of the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge was manifestly unjust. In particular, Plaintiff contends the Court did not review his claims *de novo* upon receipt of the Report and Recommendation, ignoring several of Plaintiff's "20 plus" objections including his objection that he was never given a grievance form and was generally denied access to the grievance process.

To the contrary, the Court noted that the Report and Recommendation had explicitly addressed these allegations but concluded that Plaintiff "failed to demonstrate an impediment existed making WCJ's available administrative remedies for grievances effectively unavailable to him." (Dkt. No. 43 at 16.) Specifically, the Report and Recommendation noted that Plaintiff's allegations about the unavailability of the grievance procedures are "vague and conclusory—they lack any detail regarding specific instances of interference undertaken by an identifiable WCJ official or WCJ floor officer concerning the claims addressed in his amended complaint." (Id. at 16.) And upon *de novo* review of the record, including an evaluation of Plaintiff's Objections, the Court agreed, writing that Plaintiff's general allegations of being denied grievance forms "'fail to sufficiently demonstrate that the WCJ grievance process was effectively unavailable to him'" and are therefore insufficient to establish a genuine issue of material fact. (Dkt. No. 46 at 3.) The Court also noted that Plaintiff's remaining objections "do not affect the analysis or central conclusion of the Report and Recommendation that Plaintiff's amended complaint should be dismissed because he failed to exhaust his administrative remedies." (Id.)

1    Plaintiff's Motion is DENIED. Plaintiff has already raised, and the Court has already
2 rejected, Plaintiff's argument regarding the basis on which the Court granted summary judgment
3 in Defendants' favor and Plaintiff's present Motion presents no basis for the Court to amend or
4 alter that decision.

6    The clerk is ordered to provide copies of this order to Plaintiff and all counsel.
7    Dated October 23, 2020.

_____
Marsha J. Pechman
United States Senior District Judge